ACCEPTED
14-15-00031-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
12/4/2015 11:50:08 AM
CHRISTOPHER PRINE
CLERK



816 Congress Avenue, Suite 1900
Austin, Texas 78701
512.322.5800 p
512.472.0532 f

lglawfirm.com

Mr. Hill's direct line: (512) 322-5855

December 4, 2015

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

12/4/2015 11:50:08 AM

CHRISTOPHER A. PRINE
Clerk

The Honorable Christopher A. Prine
Clerk, Fourteenth Court of Appeals
301 Fannin, Suite 245
Houston, Texas  77002

**VIA ELECTRONIC FILING**

Re:     Case No. 14-15-00031-CV; *R.E. Janes Gravel Co. v. Zachary Covar, et al. and the City of Lubbock.*

Dear Mr. Prine:

Please accept and file this response to Appellant's post-submission brief.

Dr. Kathy Alexander, an unchallenged expert witness for the TCEQ in this case, testified during the contested case hearing that "the water availability model [TCEQ uses] for new appropriations doesn't include return flows." 32 AR 2 at 323:19-21. Appellant did not introduce any evidence during the contested case hearing disputing this fact.

The document that Appellant relies on in its post-submission brief (1) was never offered or admitted into evidence and (2) reflects out-of-court statements that, even if true, describe law and policy that existed on December 13, 1996—*before* the Texas Legislature created the law that governs the City's 3985A Application. *Cf.* date of enrollment of Act of June 1, 1997, 75th Leg., R.S., ch. 1010, § 2.06, 1997 Tex. Gen. Laws 3610, 3620 (codified at Tex. Water Code § 11.042(b) and (c)).  If Appellant's document was in the evidentiary record, it nevertheless would not provide the Court with meaningful guidance regarding the import of Sections 11.042(b) and (c) of the Texas Water Code.   Furthermore, it would not discount the weight of Dr. Alexander's referenced testimony regarding the Brazos River water availability model as it functions following enactment of Senate Bill 1 in 1997. Act of June 1, 1997, 75th Leg., R.S., ch. 1010, 1997 Tex. Gen. Laws 3610.

Appellant has no right to the City's discharges from Outfall 001.  The Court is able to reach this conclusion based on both the evidence in the record and the law.  The evidence shows that the discharges from Outfall 001 are sourced predominantly from the City's private groundwater, 19 AR COL-1 at 12:7-11, 14:11-15; 20 AR COL-9 at 11:10-13, and to a lesser degree from water the City imports from another river basin, 19 AR COL-1 at 14:10-11; 20 AR COL-9 at 10:4-7, 11:9-10.  Appellant has no right to either source of water.  19 AR COL-1 at 12:7-11; 19 AR COL-2; 20 AR COL-9 at 10:11-13, 11:5-8. Appellant has no right to the treated wastewater effluent derived from either source of water before it is discharged at Outfall 001. 10 AR COL-2; 20 AR COL-9 at 14:11-12; 32 AR 2 at 290:22 – 291:13.

Lloyd Gosselink Rochelle & Townsend, P.C.

The law provides that Appellant has no right to the City's treated wastewater effluent once it is discharged at Outfall 001 given the City's 3985A Application, and the TCEQ's eventual issuance of the 3985A Amendment. Tex. Water Code Ann. § 11.042(b) and (c). If Appellant had such a water right, the water right would contain an "express provision that the water available for the water right is dependent on potentially interruptible return flows or discharges." 32 AR 2 at 290:22 – 291:13; 30 Tex. Admin. Code § 297.42(g). Appellant's water right contains no such provision. 32 AR 2 at 295:16 – 299:20; 22 AR Janes-1 (Certificate of Adjudication No. 12-3710, based on conditions existing as of April 17, 1968). In fact, no water right in the entire Brazos River Basin contains any such provision regarding the City's discharges at Outfall 001. 20 AR COL-9 at 14:11-12; 32 AR 2 at 291:11-13.

Finally, the City does not need to cease discharges temporarily in order to obtain authorization under Section 11.042(c). The City understood the Court's inquiry regarding this hypothetical as a test of Appellant's incredible claim to the City's discharges at Outfall 001. The discharges are within the complete control of the City. Appellant has no right to compel the City to discharge from Outfall 001. Appellant likewise has no right to interfere with the City's diversions under the 3985A Amendment.

For these reasons, and for the reasons addressed in the City's briefing and oral argument in this case, the City respectfully requests that the Court affirm the decision of the TCEQ to issue the 3985A Amendment.

Respectfully submitted,


*/s/ Jason Hill*_____
Jason T. Hill
*Attorney for City of Lubbock*

cc via e-service:
    Cynthia Woelk
    Anthony C. Grigsby
    Ryan D. Greene